Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6352 | **DATE** | 3/9/2001 |
| **CASE TITLE** | Frederick Rash vs. Minority Intermodal Specialists et | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: We dismiss the case against the United States Department of Labor and the Illinois Department of Labor [25-1], [14-1]. The case against the remaining defendants is set for status 4/10/2001 at 9:00 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 1 2 2001 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 2 2001

FREDERICK RASH, )
)
Plaintiff, )
)
vs. ) Case No. 00 C 6352
)
MINORITY INTERMODAL SPECIALISTS, ) Judge Wayne R. Andersen
UNITED STATES DEPARTMENT OF LABOR, )
STATE OF ILLINOIS DEPARTMENT OF )
LABOR, and THEODORE VANCE, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Frederick Rash ("plaintiff") has filed suit against several defendants alleging breach of contract, violations of unspecified United States Department of Labor rules and regulations, and race discrimination. In addition to his employer, plaintiff has named the United States and Illinois Departments of Labor as defendants. Both of these defendants contend that they are immune from suit and have moved to dismiss the Complaint against them. For the reasons stated below, we grant these motions.

## BACKGROUND

The allegations of plaintiff's Complaint are taken as true for purposes of this motion. Plaintiff, who is pro se, has alleged that his employer, Minority Intermodal Specialists, Inc., hired him in approximately July 1997 and promised him a raise after a forty-five day period of probation. According to plaintiff, he did not receive this raise until January 31, 1998 and did not receive any retroactive pay for the period that he should have been receiving a higher salary. He further claims that he did not receive the same salary as others in a comparable position and that he was demoted



for discriminatory reasons. These allegations are simple enough and are aimed at plaintiff's employer.

Plaintiff's theory against the two governmental defendants is more difficult to parse from his Complaint. He claims that his employer's failure to pay overtime is a violation of the United States and State of Illinois Department of Labor rules and regulations. Although he does not allege this explicitly, he seems to be alleging that these defendants did not enforce the appropriate (and unnamed) regulations against his employer. However, later in the Complaint, plaintiff alleges that the Illinois Department of Labor, Fair Labor Standards Division actually found that his employer had violated its regulations. In any event, neither defendant is clearly accused directly of any specific conduct.

## DISCUSSION

Both defendants have claimed immunity from suit. The State of Illinois contends that the Eleventh Amendment of the United States Constitution bars plaintiff from suing it. It is correct. As the State points out, the Eleventh Amendment prohibits suits against states, state agencies or state officials in their official capacities. Pennhurst State School v. Halderman, 465 U.S. 89, 99-100 (1984). To be sued in federal court, states must waive this immunity or Congress must do so for them through legislation permitted by section five of the Fourteenth Amendment. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985). Neither exigency exists here and, accordingly, we dismiss the State of Illinois from the case.

The United States Department of Labor argues that, as an agency of the United States, it may not be sued unless the plaintiff has alleged that it has waived its sovereign immunity and consented to suit. Such a waiver must be explicitly expressed in statute. United States v. Mitchell, 455 U.S. 535, 538 (1980). Plaintiff has not cited any such statute. Assuming that plaintiff, who generally

alleges that he has been damaged by the Department of Labor, is suing under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b)(1), plaintiff has failed to demonstrate that he has exhausted his administrative remedies as required by that Act prior to filing suit. Sullivan v. United States, 21 F.3d 198, 203 (7th Cir. 1994).

Finally, to the extent that plaintiff claims that the Fair Labor Standards Act has been violated (and this is quite a stretch from the Complaint), plaintiff also fails to state a claim for relief. That statute provides that only the Secretary of Labor may file suit for alleged violations. 29 U.S.C. § 216(b).

## CONCLUSION

For all of the reasons stated above, we dismiss the case against the United States Department of Labor and the Illinois Department of Labor. The case against the remaining defendants is set for status April 10, 2001 at 9:00 A.M.

_____
Wayne R. Andersen
United States District Judge

Dated: March 9, 2001

3