# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6352 | **DATE** | 12/18/2001 |
| **CASE TITLE** | Frederick Rash vs. Minority Intermodal et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant [46-1], [39-1] the motions to dismiss filed by DMC Auto Transfer of Chicago, Inc., Boyd Dickens, Norfolk Southern Railway Company, and Dee Smith. All claims and allegations contained in the first amended complaint against these four defendants are dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 21 2001 | |
| | Notified counsel by telephone. | | date docketed | 57 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 DEC 20 PM 5: 14 | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
DEC 21 2001

| | |
|---|---|
| FREDERICK RASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 6352 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| MINORITY INTERMODAL SPECIALISTS, ) | |
| INC. (T.V. MINORITY COMPANY, INC.), ) | |
| THEODORE VANCE, President; UNITED ) | |
| STATES DEPARTMENT OF LABOR ) | |
| EMPLOYMENT STANDARDS, ) | |
| ADMINISTRATION WAGE AND HOUR ) | |
| DIVISION; STATE OF ILLINOIS ) | |
| DEPARTMENT OF LABOR, FAIR LABOR ) | |
| STANDARDS DIVISION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motions of defendants DMC Auto Transfer of Chicago, Inc. ("DMC"), Boyd Dickens, Norfolk Southern Railway Company ("Norfolk"), and Dee Smith to dismiss plaintiff's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and(6). For the following reasons, we grant the motions to dismiss plaintiff's First Amended Complaint against these four defendants.

### BACKGROUND

On October 13, 2000, pro se plaintiff filed his original complaint in this Court naming as defendants MIS Intermodal Specialists ("MIS"), United States Department of Labor, State of Illinois Department of Labor and Theodore Vance. On March 9, 2001, we entered an Order dismissing the case against the United States Department of Labor and the Illinois Department of

Labor. Plaintiff then filed a First Amended Complaint on May 4, 2001, adding as defendants for the first time: Stephen Foley, FCS Industries, Inc., Richard Klein, Dennis McInerney, Stanley Paulauskas, Mr. Lloyd, Robert Healy, James Yuill, Claudia Manley, Suzanne Davis, DMC, Boyd Dickens, Norfolk, and Dee Smith. Currently before the Court are the motions of DMC, DMC officer Boyd Dickens, Norfolk, and Norfolk employee Dee Smith, to dismiss the First Amended Complaint against them.

Plaintiff has sued DMC, Dickens, Norfolk, and Smith (hereinafter "defendants") for a myriad of alleged statutory and constitutional violations as well as violations of common law. DMC is a former employer of plaintiff, and Dickens is an owner/officer of DMC. Plaintiff alleges that DMC wrongfully terminated his employment on November 24, 1998. Plaintiff's claims against Norfolk and Smith also arise out of DMC's termination of plaintiff's employment. Plaintiff generally alleges that Smith and Norfolk somehow tortiously interfered with his employment relationship with DMC.

Although plaintiff's First Amended Complaint contains excess verbiage and repetitive language, he attempts to assert claims against these four defendants under the following legal theories:

>42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986;
>The 13th and 14th Amendments to the United States Constitution; and
>Sec.8(a)(3) of the National Labor Relations Act, 29 U.S.C. 158 (a)(3).

In addition, plaintiff alleges causes of action against DMC and Dickens for violations of:

>Title VII, 42 U.S.C. 2000e et seq.;
>Retaliation under the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.;
>Libel and slander;
>Breach of implied contract;
>Breach of the covenant of good faith and fair dealing; and
>Fraud and misrepresentation.

2

## DISCUSSION

When reviewing a motion to dismiss for failure to state a claim, the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. Lashbrook v. Oerkfitz, 65 F.3d 1339, 1343 (7th Cir. 1995). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. Id., citing Conley v. Gibson, 355 U.S.41, 45-46 (1957). Nevertheless, when the complaint on its face shows that plaintiff has no claim, the complaint must be dismissed. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994). We note that "district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint." Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996).

I. Civil Rights Claims

The statute of limitations for claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985 is the state statute of limitations for personal injury actions, which in Illinois is two years. See Eison v. McCoy, 146 F.3d 468, 470 (7th Cir.1986). Section 1986 contains its own one-year limitations period. In this case, plaintiff alleges that his discharge at DMC occurred on November 24, 1998. Thus, plaintiff had until November 24, 2000 to file an action against these defendants.

Plaintiff filed his original complaint on October 13, 2000. He then filed an amended complaint on May 4, 2001, and for the first time named DMC, Dickens, Norfolk and Smith as defendants. Because the claims against these defendants do not relate back to the original complaint under Rule 15(c), they are time-barred.

3

A. <u>Plaintiff's Claims Do Not Relate Back</u>

Under Fed.R.Civ.P. 15(c)(1), plaintiff's allegations against these defendants relate back to the date of the original complaint if relation back is permitted under Illinois law, because Illinois provides the statute of limitations applicable to the action. In Illinois, an amended complaint that adds new defendants relates back only if all of the following requirements are met: 1) the time prescribed had not expired when the original action was commenced; 2) failure to join the person as a defendant was inadvertent; 3) service of summons was in fact had upon the person, or his agent or partner; 4) the person, within the time that the action might have been brought, knew that the original action was pending and that it grew out of a transaction involving him; and 5) the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2-616(d).

In this case, plaintiff cannot satisfy the third, fourth, and fifth requirements of the statute. He did not serve DMC, Dickens, Norfolk or Smith or any of their agents with process within the limitations period, nor did he allege that he attempted to serve them. Moreover, plaintiff has not alleged that these defendants were aware that his original complaint was pending or that it involved them, for there is no allegation in the original complaint pertaining to either DMC, Dickens, Norfolk or Smith.

Finally, Plaintiff cannot show that the causes of action asserted against DMC, Dickens, Norfolk or Smith in the amended complaint arose out of the same transaction or occurrence set up in the original pleading. An amended complaint satisfies this requirement if it asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading. <u>See</u> <u>Bularz v. Prudential Ins. Co. of America</u>, 93

4

F.3d 372, 379 (7th Cir. 1996). In this case, the facts underlying the original complaint are completely different from those upon which plaintiff based his amended complaint. In the original complaint, plaintiff sued MIS, his former employer and an entity wholly separate from DMC and Norfolk for breach of contract, failure to pay overtime, racial discrimination, and for violating the Fair Pay Act. Plaintiff also sued the U.S. and Illinois Departments of Labor for their alleged failure to assist him in collecting his unpaid wages allegedly due him from MIS. All of the claims in the original complaint related to plaintiff's employment at MIS. None of the factual allegations or legal claims in the original complaint related in any way to DMC, Dickens, Norfolk or Smith. Accordingly, plaintiff's allegations against these defendants do not relate back to the filing of the original complaint under Rule 15(c)(1).

Moreover, plaintiff's claims do not relate back under Fed.R.Civ.P. 15(c)(2). Under Rule 15(c)(2), plaintiff's claims against DMC, Dickens, Norfolk and Smith relate back to his original complaint if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P.15(c)(2). For the reasons stated above, plaintiff's claims against these four defendants in the First Amended Complaint do not arise out of the same conduct alleged in the original complaint. These claims, therefore, do not relate back under Rule 15(c)(2).

Finally, plaintiff's claims against DMC, Dickens, Norfolk and Smith do not meet the requirements of Rule 15(c)(3), because his amended complaint does not seek to name a previously misnamed defendant.

In sum, because the claims against these defendants in the amended complaint do not relate back to the original complaint under Rule 15(c)(1), (2) or (3), plaintiff's §§ 1981, 1982,

1983, 1985, and 1986 claims against DMC, Dickens, Norfolk and Smith are beyond the statute of limitations period and, thus, are time barred.

   B. Plaintiff's Civil Rights Claims Fail To State A Cause Of Action

Even if plaintiff's civil rights claims were not time barred, we must still dismiss them for failure to state a cause of action. To state a claim under § 1982, a plaintiff must allege an impairment of the type of property interest protected by the statutory language. Rick Nolan's Auto Body Shop, Inc v. Allstate Ins. Co., 711 F. Supp. 475, 476 (N.D. Ill. 1989). The statute provides that "[a]ll citizens of the United States shall have the same right .. as is enjoyed by white citizens . . . to inherit, purchase, lease, sell or hold, and convey real and personal property." 42 U.S.C. § 1982.

In this case, plaintiff cannot state a claim under § 1982, because he does not hold a property interest protected by the statute. While plaintiff appears to allege that he was deprived of a property interest in his continued employment by DMC, "that right is not the same as a real or personal property right within the meaning of section 1982." Tate v. Hills-McCann Co, 1982 U.S. Dist LEXIS 14224, *2 (N.D. Ill. 1982). Although § 1982 does not explicitly exclude employment discrimination claims from coverage, the wording of that provision clearly limits its application to transaction in real and personal property, such as leasing, selling and conveying such property. Alleged discrimination in the employment relationship does not implicate any of the concerns of § 1982. Accordingly, plaintiff's § 1982 claim must be dismissed.

Moreover, plaintiff's § 1983 claims fail. In order to state a claim under § 1983, a plaintiff must show that the alleged constitutional deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 45-46 (1988). Since there is no basis for finding

6

that either DMC, Dickens, Norfolk or Smith is a state actor, plaintiff's § 1983 claim must be dismissed.

Finally, plaintiff's § 1985 claims fail. Section 1985 provides a cause of action for conspiracy to interfere with civil rights. To state a claim under the statute, plaintiff "must locate a right independently secured by state or federal law," and then show that the conspiracy deprived him of that right. Stevens v. Tollman, 855 F.2d 394, 404 (7th Cir. 1988). Because all of the state and federal claims in plaintiff's complaint warrant dismissal, there is no basis upon which he may premise his § 1985 claim. Moreover, plaintiff has made no allegations that he was prevented from accepting any United States office or that any obstruction of justice or intimidating of witness or jurors occurred as is provided for in §1985(1) and (2). For these reasons, plaintiff's § 1985 claims fail.

Moreover, as a threshold requirement to recovery under § 1986, a plaintiff must establish liability against someone under § 1985. "Liability under Section 1986 is derivative of Section 1985(3) liability; without a violation of Section 1985(3), there can be no violation of Section 1986." Grimes v. Smith, 776 F.2d 1359, 1363, n.4 (7th Cir. 1985). Because plaintiff has failed to state a claim under § 1985, he cannot maintain a claim under § 1986.

For all of these reasons, we dismiss plaintiff's §§ 1981, 1982, 1983, 1985, and 1986 claims against DMC, Dickens, Norfolk, and Smith.

II. Title VII Claims

A plaintiff suing under Title VII, 42 U.S.C. 2000e, must exhaust his or her administrative remedies before filing suit in federal court. Pack v. Marsh, 986 F.2d 1155, 1158 (7th Cir. 1993). A Title VII plaintiff must: 1) file a charge with the EEOC within 300 days after the alleged

7

discriminatory conduct; and 2) file a civil action within 90 days of receiving a notice of a right to sue.

Plaintiff claims that DMC and Dickens violated Title VII by terminating his employment on November 24, 1998. Thus, he was required to file a charge with the EEOC by September 11, 1999, 300 days after his termination. There is no indication in the First Amended Complaint that plaintiff complied with this requirement. The DMC defendants have not received a Charge of Discrimination, and plaintiff did not allege in his complaint that he filed a charge with the EEOC. Furthermore, DMC and Dickens have not received a notice of a right to sue, and plaintiff did not attach one to his First Amended Complaint. Because plaintiff has failed to comply with Title VII's jurisdictional prerequisites, his Title VII claim must be dismissed.

Moreover, plaintiff has named Dickens as an individual defendant in this case. Title VII does not provide a cause of action against individual defendants. Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995). For this additional reason, the Title VII claim against Dickens must be dismissed.

For all of these reasons, plaintiff's Title VII claim against DMC and Dickens fails.

III. National Labor Relations Act Claims

Plaintiff alleges that DMC, Dickens, Norfolk and Smith committed unfair labor practices in violation of § 8(a)(3) of the NLRA. However, "the question of whether certain conduct by the defendants constitutes an unfair labor practice is a matter within the exclusive jurisdiction of the National Labor Relations Board." Sears, Roebuck & Co. v. Solien, 450 F.2d 353 (8th Cir. 1971). The NLRA does not permit plaintiff to bypass the procedures of the statute and file an unfair

8

labor practice charge in federal court. Thus, this Court lacks subject matter jurisdiction to entertain this claim.

IV. Thirteenth and Fourteenth Amendment Claims

Plaintiff cannot bring a private right of action directly under the Thirteenth Amendment for employment discrimination, which is what plaintiff appears to be alleging. Baker v. McDonald's Corp., 686 F. Supp. 1474, 1480 n.12 (S.D. Fla. 1987). Moreover, the Fourteenth Amendment does not create a cause of action against private actors. National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988). These defendants are private entities, and there is no allegation that they were acting under color of state law. Thus, plaintiff's Thirteenth and Fourteenth Amendment claims are dismissed.

V. State Law Retaliation Claims

Plaintiff alleges that defendants violated the Illinois Human Rights Act, 775 ILCS 5/1-101, by discharging him in retaliation for his filing suit against his former employer, MIS. A plaintiff must exhaust his administrative remedies before the Illinois Human Rights Commission prior to filing suit in a judicial forum. See Talley v. Washington Inventory Serv., 37 F.3d 310, 311 (7th Cir. 1994).

Plaintiff has failed to comply with the statute's jurisdictional prerequisites. There is no indication that plaintiff has filed a charge of discrimination with the Commission, and plaintiff did not allege in his First Amended Complaint that he has done so. Because plaintiff has not exhausted his administrative remedies before the Commission, this Court does not have jurisdiction over his retaliation claim. See Talley, 37 F.3d at 311. For these reasons, plaintiff's state law retaliation claim fails.

VI. Libel and Slander

In Illinois, actions for libel and slander are subject to a one-year statute of limitations. 735 ILCS 5/13-201. The most recent conduct of DMC and Dickens which plaintiff describes in his complaint occurred on November 24, 1998. Thus, plaintiff had until November 24, 1999 to file an action for libel and slander. Because plaintiff's complaint was filed well after that date, his libel and slander claims are barred by the statute of limitations.

Moreover, the complaint fails to state a prima facie case of libel or slander. To state a claim for libel or slander under Illinois law, a complaint must set forth the words alleged to be defamatory clearly and with particularity. Seaphus v. Lilly, 691 F. Supp. 127, 134 (N.D. Ill. 1988). A complaint does not state a claim for libel or slander unless it includes the defamatory words allegedly spoken or written by the defendant. O'Donnell v. Field Enterprises, Inc., 142 Ill.App.3d 1032, 491 N.E.2d 1212, 1219 (1986). Plaintiff's conclusory allegation that these defendants made disparaging comments about him is insufficient to state a claim for libel or slander. Therefore, these claims are dismissed.

VII. Breach Of Contract

Plaintiff attempts to state a breach of contract claim by asserting that he was "discharged in violation of implied contract." However, plaintiff alleges that he was hired by DMC as an at-will employee, and an at-will employment relationship does not support an action for breach of contract. "Under Illinois law, a contract which fails to fix a time for its duration is ordinarily terminable at the will of either party." Duldulao v. St. Mary of Nazareth Hosp. Ctr., 115 Ill.2d 482, 489, 505 N.E.2d 314, 317 (1987).

To overcome the presumption of at-will employment, plaintiff must allege either that he was "terminated in violation of particular conditions stated by the parties," or that there was "a clear and definite oral agreement for permanent employment." LaScola v. U.S. Spring Communications, 946 F.2d 559, 564 (7th Cir. 1991). Plaintiff does not allege that either of these conditions existed. In his complaint, plaintiff concedes that DMC hired him without any promises as to his job duties or his position, and the complaint does not point to any conduct or communications that limited the circumstances under which DMC could terminate plaintiff, or that gave plaintiff a contractual right to permanent employment. Plaintiff was an at-will employee of DMC, and as such he cannot state a claim for breach of contract.

VIII. Breach Of The Covenant Of Good Faith And Fair Dealing

The Seventh Circuit has stated that "the covenant of good faith, which is a principle of construction, gives way to the rule that an employment at-will contract is terminable for any reason. Otherwise, the employment at-will principle would be meaningless." Beraha v. Baxter, 956 F.2d 1436, 1444 (7th Cir. 1992). Because a discharged at-will employee cannot state a claim for his employer's breach of the implied covenant of good faith and fair dealing, plaintiff's claim for this cause of action must be dismissed. See Hugo v. Tomaszewaki, 155 Ill.App.3d 906, 911, 508 N.E.2d 1139, 1142 (5th Dist. 1987).

IX. Fraud

Fed.R.Civ.P. 9(b) requires a plaintiff to plead the essential elements of an alleged fraud with particularity. "This means that the complaint must state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by

which the misrepresentation was communicated." Schiffels v. Kemper Financial Services, Inc., 978 F.2d 344, 352 (7th Cir. 1992).

In this case, plaintiff does not provide any information regarding defendants' alleged misrepresentations. Instead, the complaint simply states that "[defendants'] totally (sic) misrepresentation of employment opportunities caused total embarrassment." Plaintiff's conclusory allegation of fraud is inadequate to state a claim under Rule 9(b).

## CONCLUSION

For the foregoing reasons, we grant the motions to dismiss filed by DMC Auto Transfer of Chicago, Inc., Boyd Dickens, Norfolk Southern Railway Company, and Dee Smith. All claims and allegations contained in the First Amended Complaint against these four defendants are dismissed.

Wayne R. Andersen
United States District Judge

Dated: 12-18-01