Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6352 | DATE | 3/19/2003 |
| CASE TITLE | Rash vs. Minority Intermodal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for summary judgment (R. 64-1) is granted in its entirety. Any pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices — 4 | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 20 2003 date docketed | 75 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH✓ | courtroom deputy's initials | 03 MAR 20 AM 6:55 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FREDERICK RASH,

      Plaintiff,

v.                                No. 00 C 6352

MINORITY INTERMODAL SPECIALISTS,
INC. (T.V. MINORITY COMPANY, INC.),
THEODORE VANCE, STEPHEN FOLEY,
FCS INDUSTRIES, INC. and RICHARD KLEIN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge

Defendants Minority Intermodal Specialists, Inc. ("MIS"), Theodore Vance, Stephen Foley, FCS Industries, Inc. and Richard Klein ("Defendants") have moved for summary judgment on pro se plaintiff Frederick Rash's claims. For the reasons discussed below, the motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). The Court accepts the non-moving party's version of any disputed facts but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## FACTUAL BACKGROUND

Plaintiff Frederick Rash, an African-American, was employed by MIS from July 1997 to October 1998. (*See* R. 74-1, Pl.'s Supp. LR 56.1(b)(3)(A) Resp., ¶ 1.) Defendant MIS is a contractor that formerly performed intermodal handling of Ford automobiles at the Torrence Avenue plant in Chicago, Illinois. (*Id.* ¶ 2.) Defendants Theodore Vance and Richard Klein are apparently affiliated with MIS. (*Id.* ¶¶ 9-10.) Defendant Stephen Foley is an attorney who has represented MIS. (*Id.* ¶ 12.)

Mr. Rash was hired by MIS in July 1997 as a data administrator. (*See* R. 74-1, Pl.'s Supp. LR 56.1(b)(3)(A) Resp., ¶ 3.) During 1997 and part of 1998, Mr. Rash worked under

2

manager Mike Gibbs, who is white. (*Id.* ¶ 4.) Mr. Rash worked as a clerk and, for a time, as a trainer and a liaison with Norfolk Southern Railway. (*Id.* ¶ 3; Defs.' LR 56.1(a)(3) Statement, Rash Dep. at p.11.) Typically, MIS managers were salaried employees, and MIS clerks, like Mr. Rash, were hourly employees. (*Id.* at p. 60.) In October 1998, Mr. Rash was terminated, along with all other MIS employees in Chicago, when MIS lost a contract relating to Ford automobiles. (*Id.* ¶ 2.)

After Mr. Rash was terminated, he filed a wage complaint with the federal government relating to his 1997 overtime, a wage complaint with the State of Illinois relating to his 1998 overtime, and a second wage complaint with the State of Illinois relating to his last paycheck from MIS and his retroactive pay. (*See* R. 74-1, Pl.'s Supp. LR 56.1(b)(3)(A) Resp., ¶¶ 6-8.) For his 1997 overtime claim, Mr. Rash dealt with the U.S. Department of Labor, not MIS, and he received half his claimed overtime pay which amounted to $639.38. (*Id.* ¶ 7.) For his 1998 overtime claim, Mr. Rash reached a settlement agreement with MIS and received $4,069.34. (*Id.* ¶ 8.) Finally, for his claim relating to his last paycheck from MIS and his retroactive pay, Mr. Rash reached a settlement agreement with MIS and received $527.00. (*Id.* ¶ 6.)

On October 13, 2000, Mr. Rash filed his original complaint naming MIS, the United States Department of Labor, the State of Illinois Department of Labor, and Theodore Vance. Judge Andersen dismissed Mr. Rash's claims against the United States Department of Labor and the Illinois Department of Labor. *See Rash v. Minority Intermodal Specialists, Inc.*, No. 00 C 6352, 2001 WL 243402 (N.D. Ill. March 12, 2001) ("*Rash I*").

Mr. Rash then filed an Amended Complaint, adding defendants Stephen Foley, FCS Industries, Richard Klein, Dennis McInerney, Stanley Paulauskas, Mr. Lloyd, Robert Healy,

James Yuill, Claudia Manley, Suzanne Davis, DMC, Boyd Dickens, Norfolk, and Dee Smith. On June 14, 2001, Judge Andersen dismissed Mr. Rash's claims against Robert Healy, Suzanne Davis, Claudia Manley, James Yuill, the Illinois Department of Labor, the U.S. Department of Labor, Dennis McInerney, Stanley Paulauskas and Lloyd Hill. (*See* R. 35-1, June 14, 2001 Order.) Later, Judge Andersen dismissed Mr. Rash's claims against DMC, Boyd Dickens, Norfolk, and Dee Smith. *See Rash v. Minority Intermodal Specialists, Inc.*, No. 00 C 6352, 2001 WL 1654710 (N.D. Ill. December 20, 2001) ("*Rash II*").

As it stands, Mr. Rash has claims against MIS, Theodore Vance, Stephen Foley, FCS Industries, and Richard Klein under 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988, 42 U.S.C. § 2000a, the Ninth Amendment, the Thirteenth Amendment, the Fourteenth Amendment, Title VII, ERISA, the Illinois Human Rights Act, common law libel and slander, common law breach of contract, conspiracy, fraud, intentional infliction of emotional distress, and the Illinois Joint Tortfeasor Contribution Act. Defendants have moved for summary judgment on all these claims.

## ANALYSIS

### I. PLAINTIFF'S WAGE CLAIMS

In his Amended Complaint, Mr. Rash seeks redress against MIS for overtime pay, retroactive pay, and discrimination under the Fair Pay Act. (*See* R. 31-1, Pl.'s Am. Complaint, ¶¶ 1-3.) As Defendants point out, however, Mr. Rash has already obtained redress for his wage complaints against MIS. Mr. Rash received settlements in connection with his wage complaint with the federal government relating to his 1997 overtime (*see* R. 74-1, Pl.'s Supp. LR 56.1(b)(3)(A) Resp., ¶ 7), his wage complaint with the State of Illinois relating to his 1998

overtime (*see id.* ¶ 8), and his wage complaint with the State of Illinois relating to his last paycheck from MIS and his retroactive pay. (*Id.* ¶ 6.) Thus, Mr. Rash's wage claims are barred by res judicata (also referred to as claim preclusion) and collateral estoppel (also referred to as issue preclusion).

For res judicata to apply, three requirements must be met: (1) an identity of the parties; (2) an identity of the causes of actions; and (3) a final judgment on the merits. *See Matter of Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987). All three elements are satisfied here. First, Mr. Rash's federal and state wage claims involved the parties -- namely, him and MIS. Second, Mr. Rash's federal and state wage claims raised the issues of overtime, retroactive pay, and his last paycheck, the same issues he raises with his wage claims in this lawsuit. Third, Mr. Rash's federal and state wage claims each reached a final judgment on the merits pursuant to settlement agreements. Accordingly, Mr. Rash's wage claims are barred by res judicata.

For collateral estoppel to apply, four requirements must be met: (1) the issue that one party seeks to preclude must be identical to an issue involved in the prior action; (2) the issue must have been actually litigated in the prior action; (3) determination of the issue must have been essential to the final judgment in the prior action; and (4) the party precluded from relitigating the issue must have been represented in the prior action. *See Chicago Truck Drivers v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997). All four elements are satisfied here. First, the issues relating to Mr. Rash's wage claims in this lawsuit are the same as in his federal and state wage claims. Second, Mr. Rash's claims were litigated in his federal and state wage claims. Third, the resolution of the overtime, retroactive pay and last check issues was essential to the final judgments in his federal and state wage claims. Fourth, Mr. Rash was

involved in his federal and state wage claims. Thus, Mr. Rash's wage claims are also barred by collateral estoppel.

## II. PLAINTIFF'S CIVIL RIGHTS CLAIMS

### A. Section 1981

In order to maintain a Section 1981 action against a private employer, the plaintiff must establish the existence of a contractual relationship with the employer. *See Gonzalez v. Ingersoll Mill Mach. Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). As Defendants point out, under Illinois law, there is a presumption that the plaintiff was an at will employee. *See Evans v. Gurnee Ins., Inc.*, 645 N.E.2d 556, 559, 268 Ill. App. 3d 1098, 1102 (Ill. App. Ct. 1994). Because Mr. Rash has supplied no evidence of any contractual relationship with any of the Defendants, his Section 1981 claim fails. *See, e.g., Gonzalez*, 133 F.3d at 1034 (affirming summary judgment for defendant where the plaintiff "failed to establish the existence of a contractual relationship with her employer sufficient to support a section 1981 claim").

### B. Section 1982

In order to maintain a Section 1982 claim, the plaintiff must demonstrate the impairment of a property interest protected by the statute. *See Rick Nolan's Auto Body Shop, Inc. v. Allstate Ins. Co.*, 711 F.Supp. 475, 476 (N.D. Ill 1989). Mr. Rash claims that the Defendants wrongly deprived him of certain unspecified "intellectual property," but he does not supply any evidence to support this claim.[1]

---

[1] This Court afforded Mr. Rash ample opportunity to submit evidence in support of his various claims. After he filed his initial opposition to Defendants' motion for summary judgment which failed to respond properly to Defendants' statement of material facts, the Court directed Mr. Rash to file a response that complied with Local Rule 56.1(b)(3) and granted him extra time to do so. (*See* R. 73-1, February 11, 2003 Order.) Mr. Rash filed a supplemental Local Rule 56.1(b)(3)(B)

6

In addition, Mr. Rash's Amended Complaint suggests that he was deprived of a property interest in the form of his continued employment. Employment, however, is not a property interest protected under Section 1982. *See Tate v. Hills-McCanna Co.*, No. 81 C 2138, 1982 WL 361, at *1 (N.D. Ill. June 16, 1982) (holding that employment claims may not be brought under Section 1982). *See also Clemes v. Del Norte County Unified School District*, No. C-93-1912 MHP, 1995 WL 573691, at *6 (N.D. Cal. Sept. 19, 1995) ("Courts that have considered the issue have found that employment is not contemplated among the real and personal property protected under section 1982.").

In sum, because Mr. Rash has failed to supply any evidence that the Defendants deprived him of a recognized property interest, his Section 1982 claim fails.

### C.  Section 1983

In order to maintain a Section 1983 claim, the plaintiff must establish: (1) that the defendants deprived him of a right secured by the Constitution and laws of the United States, and (2) that the defendants acted under color of state law when they deprived him of that right. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995); *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989). Because Mr. Rash has provided no evidence that any of the Defendants

---

response on February 25, 2003. Notably, however, Mr. Rash's supplemental response failed to attach or cite *any* evidence supporting his claims. Mr. Rash has the ultimate burden of proof on his claims, and thus, he must offer some evidence in support of those claims in order to avoid summary judgment. Mr. Rash's failure to supply such evidence in compliance with Local Rule 56.1 is itself grounds for disregarding his "evidence" and granting the Defendants' motion for summary judgment. *See, e.g., Bradley v. Work*, 154 F.3d 704, 708 (7th Cir. 1998) (upholding lower court's decision to grant the defendants' motion for summary judgment in part because of the plaintiffs' failure to comply with Local Rule 56.1); *see also Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316-17 (7th Cir. 1995) (the Seventh Circuit has "consistently and repeatedly required strict compliance" with the local rules concerning summary judgment motions, including the requirement that a separate statement of additional facts be filed.).

(who are two corporations and three private actors) acted under color of state law, his Section 1983 claims fail.

**D.  Section 1985**

In order to maintain a Section 1985 claim, the plaintiff "must locate a right independently secured by state or federal law," and show that the conspiracy deprived him of that right. *See Stevens v. Tollman*, 855 F.2d 394, 404 (7th Cir. 1988). A plaintiff suing under Section 1985 must provide specific facts that create a genuine issue of material fact on the existence of the alleged conspiracy; mere allegations of conspiracy are insufficient to avoid summary judgment. *See Winterland Concession Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984). Here, Mr. Rash has failed to supply any evidence to support his claims of an alleged conspiracy to deprive him of his rights under state or federal law.

**E.  Section 1986**

In order to maintain a Section 1986 claim, the plaintiff must first establish liability under Section 1985. *See Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985) ("Liability under Section 1986 is derivative of Section 1985(3) liability; without a violation of Section 1985(3), there can be no violation of Section 1986."). Because Mr. Rash's Section 1985 claim fails, his Section 1986 claim likewise fails.

**F.  Section 1988**

Mr. Rash has also raised a claim under Section 1988. Defendants do not specifically address this claim in their motion for summary judgment. The Court notes, however, that Section 1988 does not provide for a separate cause of action and instead is intended merely "to complement the various acts which do create federal causes of action for the violation of federal

civil rights." *Moor v. County of Alameda*, 411 U.S. 693, 702, 93 S.Ct. 1785, 1792, 36 L.Ed.2d 596 (1980) (no independent cause of action under section 1988). Because Mr. Rash's claims under Sections 1981, 1982, 1983, 1985 and 1986 fail, he cannot seek any relief under Section 1988.

### G. Section 2000

Finally, Mr. Rash has apparently filed a claim under Section 2000a. (*See* R. 31-1, Pl.'s Am. Complaint, at p. 1.) Defendants do not specifically address this claim in their motion for summary judgment. The Court notes, however, that Section 2000a applies only to discrimination or segregation in places of public accommodation. *See* 42 U.S.C. § 2000a. Because Mr. Rash has not supplied any evidence suggesting that the Defendants may have engaged in any discrimination in places of public accommodation, his Section 2000a claim fails.

## III. PLAINTIFF'S CONSTITUTIONAL CLAIMS

Plaintiff has filed claims under the Ninth, Thirteenth and Fourteenth Amendments to the U.S. Constitution. None of these provisions, however, provide for a cause of action against private actors for alleged employment discrimination. *See, e.g., O'Donnell v. Village of Downers Grove*, 656 F.Supp. 562, 569 (N.D. Ill. 1987) (rejecting purported Ninth Amendment claim for arising out of termination of municipal employee: "Plaintiff does not cite, and our research has not revealed, any compelling authority holding that a municipal employee has a fundamental right of continued employment guaranteed by the Ninth Amendment."); *Rash II*, 2001 WL 1654710, at *5 ("Plaintiff cannot bring a private right of action directly under the Thirteenth Amendment for employment discrimination."); *National Collegiate Athletic Ass'n v. Tarkanian*,

9

488 U.S. 179, 191, 109 S.Ct. 454, 461, 102 L.Ed.2d 469 (1988) (holding that there can be no cause of action against private actors under the Fourteenth Amendment).

## IV. PLAINTIFF'S REMAINING FEDERAL LAW CLAIMS

### A. Title VII

In order to bring an action pursuant to Title VII, the plaintiff must: (1) file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory conduct, and (2) file a civil action within 90 days after receiving a right to sue letter from the EEOC. *See Pack v. Marsh*, 986 F.2d 1155, 1158 (7th Cir. 1993). Exhausting administrative remedies is a prerequisite for bringing any action under Title VII. *Id.*

In this case, Mr. Rash has supplied no evidence that he filed a charge with the EEOC concerning the defendants alleged discrimination or received a right to sue letter. Indeed, although he claims that he filed charges with the EEOC, Mr. Rash admits that he never obtained a right to sue letter from the Commission. (*See* R. 74-1, Pl.'s Supp. LR 56.1(b)(3)(A) Resp., ¶ 13.) Mr. Rash's failure to exhaust his administrative remedies bars his Title VII claim. *Pack*, 986 F.2d at 1158.[2]

### B. ERISA

Mr. Rash's ERISA claim is premised on his contention that the defendants deposited some of his pay into a 401(k) plan without his knowledge or consent. Mr. Rash acknowledges, however, that he eventually retrieved all of his money from the 401(k) plan. (*See* R. 74-1, Pl.'s Supp. LR 56.1(b)(3)(A) Resp., ¶ 14.) Because Mr. Rash admits that he obtained all the money he

---

[2] Moreover, the Court notes that even if Mr. Rash had filed charges with the EEOC and obtained a right to sue letter, he could not maintain a Title VII action against the individual defendants. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995).

was due under the plan, his ERISA claim fails. *See Jass v. Prudential Healthcare Plan, Inc.*, 88 F.3d 1482, 1491 (7th Cir. 1996) (confirming that a plaintiff's damages under ERISA are limited to those "benefits due him under his rights to future benefits under the terms of the plan.").

## V. PLAINTIFF'S STATE LAW CLAIMS

### A. The Illinois Human Rights Act

In order to bring an action under the Illinois Human Rights Act ("IHRA"), the plaintiff must file with the Illinois Human Rights Commission ("IHRC") charges detailing the alleged violation. *See Moeser v. Human Rights Com'n*, 686 N.E.2d 373, 377, 292 Ill. App. 3d 402, 407 (Ill. App. Ct. 1997). Such charges must be filed within 180 days of the alleged civil rights violation. *Id.* at 377, 292 Ill. App. 3d at 407. In this case, Mr. Rash has supplied no evidence that he filed a charge with the IHRC concerning the defendants alleged discrimination. (*See* R. 74-1, Pl.'s Supp. LR 56.1(b)(3)(A) Resp., ¶ 13.) Accordingly, his IHRA claims are barred. *See Falco v. Office Electronics, Inc.*, No. 97 C 4170, 1997 WL 587660, at *2 (N.D. Ill. Sept. 17, 1997) ("Only after an aggrieved party has exhausted all remedies available through the IDHR and the Human Rights Commission has issued a final order may she seek judicial review in the courts.").

### B. Libel and Slander

In Illinois, actions for libel and slander are subject to a one-year statute of limitations. *See* 735 ILCS 5/13-201. Mr. Rash filed his complaint on October 13, 2000, and thus, any alleged defamation that occurred prior to October 13, 2000 is not actionable.

Mr. Rash's only timely claim for libel and slander is based on an alleged statement by an unknown MIS employee to another prospective employer. Mr. Rash claims that on or about

11

September 14, 2000, he interviewed with a prospective employer who explained that someone at MIS told the interviewer that Mr. Rash had never worked for MIS. Mr. Rash contends that this unknown person's refusal to confirm that Mr. Rash had worked at MIS was libelous and slanderous. (*See* R. 31-1, Pl.'s Am. Complaint, ¶ 42.)

Mr. Rash has not provided evidence, however, to support his libel and slander claim. Mr. Rash did not supply a declaration or affidavit or deposition testimony from the prospective employer who was allegedly told by MIS that he had never worked there. Thus, the only "evidence" of the alleged libel and slander is Mr. Rash's own deposition testimony of what the prospective employer told him. Mr. Rash's deposition testimony, however, is hearsay.[3] Mr. Rash's failure to supply admissible evidence in support of his libel and slander claim mandates summary judgment.

### C. Breach of Contract

Under Illinois law, there is a presumption that the plaintiff was an at will employee. *See Evans*, 645 N.E.2d at 559, 268 Ill. App. 3d at 1102. In order to avoid the presumption of at will employment, the plaintiff must establish that his termination was in violation of particular conditions stated by the parties or that there existed a clear and definite oral agreement for permanent employment. *See LaScola v. U.S. Spring Comms.*, 946 F.2d 559, 564 (7th Cir. 1991). Because Mr. Rash has not supplied any evidence suggesting that he was anything other than an at will employee or pointed to any alleged contract that Defendants might have breached, his breach

---

[3] Generally, libelous or slanderous statements are not hearsay because those statements are not offered for the truth of the matter asserted. In this case, Mr. Rash did not actually hear the allegedly libelous and slanderous statements firsthand; rather, he claims that he heard them from the prospective employer. His testimony on this point *is* hearsay.

12

of contract claim fails. *See Habighurst v. Edlong Corp.*, 227, 568 N.E.2d 226, 227, 209 Ill. App. 3d 426, 428 (Ill. App. Ct. 1991) ("Generally, an employment relationship of indefinite duration is terminable 'at will' by either party with or without cause.").

### D.     Intentional Infliction of Emotional Distress

Under Illinois law, the plaintiff may recover for the intentional infliction of emotional distress only if he shows that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress; and (3) the defendant's conduct did cause severe emotional distress. *See Van Stan v. Fancy Colors Co.*, 125 F.3d 563, 567 (7th Cir. 1997). "[T]he defendant's conduct must be such that the 'recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"'" *Id.* (quoting *Doe v. Calumet City*, 641 N.E.2d 498, 507, 161 Ill.2d 374, 392 (Ill. 1994)).

In his Amended Complaint, Mr. Rash contends that Mr. Foley's "malicious prosecution" of MIS's defense to Mr. Rash's wage claims constitutes the intentional infliction of emotional distress. (*See* R. 31-1, Pl.'s Am. Complaint, ¶ 42(h).) Mr. Rash supplies no evidence that might enable a reasonable jury to conclude that Mr. Foley's conduct (or the conduct of any of the other Defendants) was somehow "outrageous!" Accordingly, the Court grants summary judgment for Defendants on Mr. Rash's claim for the intentional infliction of emotional distress.

### E.     Conspiracy

Mr. Rash maintains that the Defendants conspired to deprive him of his rights. Under Illinois law, in order to recover for civil conspiracy, the plaintiff must establish: (1) an

13

agreement; (2) to participate in an unlawful act or a lawful act by unlawful means; (3) an overt act performed in furtherance of the scheme; and (4) an injury caused by the overt act. *See Vance v. Chandler*, 597 N.E.2d 233, 236, 231 Ill. App. 3d 747, 750 (Ill. App. Ct. 1992). Mr. Rash has failed to supply any evidence that might create a genuine issue of material fact as to the existence of an agreement by any of the Defendants to violate his rights. Moreover, as discussed elsewhere in this opinion, Mr. Rash has failed to provide evidence that the Defendants committed any acts that deprived him of his rights. *See Sain v. Nagel*, 997 F.Supp. 1002, 1017 (N.D. Ill. 1998) ("An agreement to commit a wrongful act is not a tort, even if it might be a crime [; a] cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort.") (citation and internal quotation omitted; brackets in original).

### F. Fraud

Defendants urge that Mr. Rash's fraud claim fails because he has failed to plead that claim with particularity as required by Federal Rule of Civil Procedure 9(b). That, however, is not a proper basis for summary judgment. *See Firstar Bank, N.A. v. Faul Chevrolet, Inc.*, No. 00 C 4061, 2003 WL 1123958, at *12 (N.D. Ill. Mar. 12, 2003) ("Even if this were the proper stage of the proceedings to raise this issue, the Court will not grant summary judgment because none of the policy reasons behind Rule 9(b) would be served.").

Nonetheless, the Court concludes that summary judgment is appropriate because Mr. Rash has failed to supply evidence to support his fraud claim. Indeed, the only "evidence" that might support the fraud claim vaguely raised in the Amended Complaint is Mr. Rash's testimony that a prospective employer informed him that someone at MIS told them that Mr. Rash had

never worked for MIS. As discussed above, however, Mr. Rash's testimony on that point is hearsay and not sufficient to avoid summary judgment. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial.").

### G.     Illinois Joint Tortfeasor Contribution Act

Finally, Mr. Rash purports to sue Defendants under the Illinois Joint Tortfeasor Contribution Act (the "IJTCA"). The IJTCA, however, does not provide for a separate cause of action by plaintiffs. Instead, the IJTCA simply permits defendants to seek contribution when multiple defendants may be jointly responsible for the damages sustained by the plaintiff. *See, e.g., Board of Trustees of Community College Dist. 508 v. Coopers & Lybrand LLP*, 696 N.E.2d 3, 11, 296 Ill. App. 3d 538, 548 (Ill. App. Ct. 1998). Accordingly, the Court grants summary judgment for Defendants on this claim.

## **CONCLUSION**

Defendants' motion for summary judgment (R. 64-1) is granted in its entirety.

DATED: March 19, 2003                                   ENTERED

*[signature]*

AMY J. ST. EVE
United States District Court Judge